UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Plaintiff,

v.                                    Case No.  8:14-cv-2959-T-24 MAP

JONATHAN HANLEY, DANIEL
HANLEY, and DAWN LABBATO,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses of Dawn Labbato.  (Doc. No. 17).  Defendant Dawn Labbato opposes the motion.  (Doc. No. 18).  As explained below, the motion is granted.

## I.  Background

Plaintiff Allstate Property and Casualty Insurance Company alleges the following in its complaint (Doc. No. 1): Allstate provided automobile insurance for Defendant Daniel Hanley that was in effect on October 18, 2012.  On that date, Defendant Jonathon Hanley stole the car that Daniel Hanley was renting from Enterprise, and Jonathon Hanley drove the car and struck Defendant Dawn Labbato.  Thereafter, Daniel Hanley pressed charges against Jonathon Hanley for stealing the rental car.

Labbato filed suit against both Hanleys in state court, and Allstate provided a defense to Daniel Hanley in the underlying state court proceeding.  However, Allstate filed the instant action for a declaratory judgment that Allstate's insurance policy does not provide coverage for

this collision and that Allstate does not have a duty to defend or indemnify the Hanleys against Labbato's claims.  Specifically, Allstate contends that the policy excludes coverage for rental cars that are driven by non-resident relatives.

In response to the complaint, Labbato filed an answer and affirmative defenses.  (Doc. No. 8).  In the instant motion, Allstate moves to strike the first seven affirmative defenses.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

## III.  Motion to Strike

Plaintiff moves to strike Labbato's first seven affirmative defenses.  Accordingly, the

Court will analyze each affirmative defense.

### A.  Compliance with Florida Statute § 627.426

In her first affirmative defense, Labbato alleges that Allstate failed to comply with Florida Statute § 627.426.  That statute provides the conditions that must be met before an insurer can deny coverage based on a coverage defense.  Allstate argues that this affirmative defense must be stricken, because Labbato (as a third-party who is not a judgment creditor of the insured) lacks standing to enforce § 627.426.  See Allstate Fire & Cas. Ins. Co . v. Ho, 2011 WL 3843921, at *3 (S.D. Fla. Aug. 26, 2011); General Security Ins. Co. v. Barrentine, 829 So. 2d 980, 983 (Fla. 1st DCA 2002); Atlantic Cas. & Fire Ins. Co. v. National American Ins. Co., 915 F. Supp. 1218, 1225 (M.D. Fla. 1996); United National Ins. Co. v. Owl's Nest of Pensacola Beach, Inc., 2006 WL 1653380, at *3 n.7 (N.D. Fla. June 8, 2006).

Labbato responds that just because she cannot currently enforce § 627.426, that does not mean the affirmative defense should be stricken.  Furthermore, she argues that whether she "will receive an assignment of any rights under the Allstate policy . . . remains to be seen," and if she does, "she would stand in the shoes of the first-party insureds and would be entitled to raise the same defenses as them."  (Doc. No. 18, p. 4).

At this time, this affirmative defense is unavailable to Labbato, and as such, the Court agrees that it should be stricken.  Should the facts and circumstances change at a later date, she can move to amend her affirmative defenses.

### B.  Laches

In her second affirmative defense, Labbato alleges that "Allstate's claim is barred by the doctrine of laches."  (Doc. No. 8, p. 4).  No further detail is provided, and on that basis alone,

3

Allstate argues that this affirmative is due to be dismissed.

In order to prevail on the affirmative defense of laches, the defendant must show that there was an unreasonable delay by the plaintiff in asserting its rights that caused undue prejudice to the defendant.  See Fine's Gallery, LLC v. From Europe to You, Inc., 2011 WL 5583334, at *2 (M.D. Fla. Nov. 16, 2011); Branch Banking & Trust Co. v. Park Circle, LLC, 2014 WL 1870606, at *6 (M.D. Fla. May 8, 2014).  Even assuming that Allstate delayed in asserting its rights in seeking a declaratory judgment, there is no explanation as to how that delay caused Labbato unfair prejudice.  Accordingly, the Court agrees that this affirmative defense should be stricken.

### C.  Waiver

In her third affirmative defense, Labbato alleges that Allstate waived its coverage defenses by virtue of how it handled prior claims involving Jonathon Hanley's use of Daniel Hanley's vehicle.  In order to prevail on the affirmative defense of waiver, the defendant must show: "(1) the existence at the time of the waiver of a right, privilege, advantage, or benefits that may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish that right, privilege, advantage or benefit."  Regions Bank v. The 62' Ocean Sport Fish, Hull I.D. No. XY0011462J203, 2014 WL 37748, at *2 (S.D. Fla. Jan. 6, 2014).

Allstate moves to strike this affirmative defense, arguing that Allstate's conduct with respect to claims of others (in which Labbato was not directly involved) cannot constitute a waiver of Allstate's rights with respect to Labbato's claim.  Labbato responds that Allstate misconstrues her defense, and instead, she is asserting that Allstate has taken inconsistent positions in the past regarding whether it would cover claims resulting from Jonathon Hanley

driving Daniel Hanley's vehicles.  While Labbato raises an issue that she may pursue in

discovery, an allegation that Allstate has taken inconsistent positions in the past regarding

whether it would cover *other* claims resulting from Jonathon Hanley driving Daniel Hanley's

vehicles is not the same as showing that Allstate waived its rights with respect to Labbato's

instant claim.  Accordingly, the Court agrees that this affirmative defense should be stricken.

### D.  Estoppel

In her fourth affirmative defense, Labbato alleges that Allstate is estopped from denying

coverage because it undertook the defense of Daniel Hanley without properly reserving its rights.

This defense, like her first affirmative defense, is based on Florida Statute § 627.426.  For the

same reasons that the Court has stricken Labbato's first affirmative defense, the Court strikes

this affirmative defense.

### E.  Questions of Fact

In her fifth affirmative defense (which is numbered "3" and is the second affirmative

defense labeled number 3[1]), Labbato alleges that Allstate is not entitled to have questions of fact

decided by the Court, and this declaratory judgment action is improper to the extent that certain

factual determinations must be made by a jury.  Allstate points out that the Florida Supreme

Court has addressed this issue, with the court stating:

> This question presents the issue of whether chapter 86, Florida
> Statutes (2003), Florida's declaratory judgments statute, authorizes
> declaratory judgments as to insurance policy obligations to defend
> and coverage for indemnity when it is necessary to decide issues of
> fact in order to determine the declaratory judgment. We conclude that
> the declaratory judgments statutes do authorize a declaratory

---

[1]The Court is referring to Labbato's affirmative defenses by the order in which they
appear, as opposed to Labbato's numbering of them.

judgment action to decide these issues.

Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 10 (Fla. 2005); see also Powers v. Hartford Ins. Co. of the Midwest, 2010 WL 2889759, at *3 (M.D. Fla. July 22, 2010)(stating that "issues involving the rights and obligations under an insurance policy come within the purpose of the declaratory judgment statutes").

Labbato responds that Allstate misunderstands her defense, which is that this declaratory judgment action is improper to the extent that Allstate could ask the Court to address issues arising in her underlying case against the Hanleys, such as liability, causation, and damages. However, the Court does not intend to address those issues, and as such, this is not a proper affirmative defense. Accordingly, the Court agrees that this purported affirmative defense should be stricken.

### F.  Attorneys' Fees

In her sixth affirmative defense, Labbato alleges that she may be entitled to attorneys' fees under Florida Statute § 627.428.  Section 627.428(1) provides: "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . . , the trial court . . . shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had."

Allstate moves to strike this affirmative defense because Labbato is not a named insured under the policy.  Labbato responds that she may qualify as an "omnibus insured" and/or receive an assignment of rights from the insured and/or may ultimately make other claims that would support an attorney fee award.  As explained below, the Court rejects Labbato's arguments.

6

At this time, Labbato has not received an assignment of rights from the insured, and as such, this is not a basis to assert her entitlement to attorneys' fees.  Likewise, if Labbato later receives such an assignment and/or later asserts some claim that would support an attorneys' fee award, she can move to assert her right to attorneys' fees at that time.

Finally, the Court rejects Labbato's argument that she is an omnibus insured.  In 1977, the Florida Supreme Court found that third-party claimants were not entitled to attorneys' fees under a prior version of § 627.428(1).  See Roberts v. Carter, 350 So. 2d 78 (Fla. 1977).  Five years later, the Florida Supreme Court addressed that same prior version of the statute and explained that an omnibus insured differed from a third-party claimant.  See Industrial Fire & Cas. Ins. Co. v. Prygrocki, 422 So. 2d 314, (Fla. 1982).

In Prygrocki, the underlying plaintiff-pedestrian sought medical coverage directly from the insurance company for injuries he sustained when the named insured's car struck him.  See id. at 315.  The insurance policy provided coverage directly to the pedestrian via the policy provision that the insurer provided medical coverage for medical expenses for bodily injuries sustained by any pedestrian who was struck by the insured's car.  See id.  Because the pedestrian could obtain medical benefits directly from the insurance company due to this policy provision providing the pedestrian coverage, the pedestrian was considered an omnibus insured under the policy.  See id.

Thereafter, in State Farm Fire & Casualty Company v. Kambara, 667 So. 2d 831 (Fla. 4th DCA 1996), the court further explained the difference between an omnibus insured and a third-party claimant:

> In the case of the omnibus insured, the individual's rights are derived
> directly from his or her status under a clause of the insurance policy

7

without regard to the issue of liability; if the individual fits within the class he or she is entitled to first-party benefits. In the case of the third-party beneficiary, the benefits inure directly to the tortfeasor who is the insured. The benefits flow to the injured person only if that person successfully establishes liability against the tortfeasor. When an injured person sues to establish liability coverage, that person is suing to establish the rights of the tortfeasor which then indirectly inure to his or her benefit upon successfully establishing a right to recover against the tortfeasor. The difference in the way benefits are derived from an insurance policy is significant for purposes of establishing who is and who is not an omnibus insured rather than a third-party beneficiary.

Id. at 833-34 (internal citation omitted).

Thus, based on the above case law, Labbato cannot be considered an omnibus insured that could be entitled to attorneys' fees under § 627.428. As such, the Court agrees that this purported affirmative defense should be stricken.

### G.  Mandatory Minimum Coverage Requirements

In her seventh affirmative defense, Labbato alleges that "Allstate cannot enforce any exclusion or limitation on coverage which [is] contrary to the mandatory minimum coverage requirements of Florida law, including but not limited to Chapter 320 and Chapter 627 of Florida Statutes." (Doc. No. 8, p. 4). Allstate moves to strike this affirmative defense, because Labbato does not allege any facts showing that mandatory minimum coverage requirements apply.

Labbato responds that Chapter 324 of the Florida Statutes might be implicated in this case.[2] Section 324.011 provides "that the operator of a motor vehicle involved in a crash or convicted of certain traffic offenses . . . shall . . . show proof of financial ability to respond for damages in future accidents as a requisite to his or her future exercise of [the] privilege[] [of

---

[2]The Court notes that this affirmative defense does not refer to Chapter 324; it refers to Chapter 320.

owning or operating a motor vehicle]." Pursuant to Florida Statute § 324.031(1), one way to prove financial responsibility is to furnish satisfactory automobile liability insurance, as required by § 324.021 and § 324.151.

Labbato contends that, while she does not currently know whether Allstate's policy was written to comply with Chapter 324, she should be permitted to assert this affirmative defense because discovery may reveal its applicability. The Court is not persuaded by this argument.

To begin with, the affirmative defense, as pled, does not reference Chapter 324. Furthermore, this case is straightforward—does Allstate's policy provide coverage for Labbato's injuries that resulted from Jonathon Hanley's use of Daniel Hanley's rental car. Should discovery reveal facts that make this purported affirmative defense relevant, Labbato can move to amend her affirmative defenses. However, at this time, the defense is stricken.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Affirmative Defenses of Dawn Labbato (Doc. No. 17) is **GRANTED**, and Labbato's first seven affirmative defenses are hereby stricken.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of March, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record